O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5042 PSG (JWJx) | Date | Aug. 12, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order on Plaintiff's Ex Parte Application for a Temporary Restraining Order

Verne Troyer ("Plaintiff") has sued Defendants Ranae Shrider ("Shrider"), Holly Bannon ("Bannon"), Okorie Okorocha ("Okorocha"), and Twin Palms for Defendants' alleged misappropriation of a videotape ("Video") of Plaintiff and Shrider engaged in private sexual activity. The present lawsuit follows closely on the heels of another lawsuit brought by Plaintiff against other defendants for misappropriation of the same Video. Plaintiff filed the earlier case (CV 08-4233 PSG (JWJx)) on June 26, 2008. After negotiations, Plaintiff agreed to dismiss its claims in the earlier lawsuit, and on July 18, 2008, the Court approved stipulations effectively ending the earlier lawsuit.

Presently, Plaintiff has filed an ex parte application for a temporary restraining order ("TRO") against Defendants, without providing Defendants notice of his ex parte application. Plaintiff alleges that Defendants have threatened to sell, reproduce, and distribute copies of the Video. Because of Defendants' alleged activities, Plaintiff asks for a TRO to prevent Defendants from selling and distributing the Video, among other things.

However, Plaintiff has failed to meet the requirements under Federal Rule of Civil Procedure ("FRCP") 65 for a TRO. FRCP 65(b)(1) establishes that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | Aug. 12, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, et al. | | |

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ...

Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff has not met the requirements of FRCP 65(b)(1)(A) and has failed to show clearly that immediate and irreparable injury will occur to him absent the TRO.  In Plaintiff's memorandum in support of his ex parte application, Plaintiff argues:

> if notice is given to Defendants, they will sell, broadcast, or otherwise disseminate the Videotape immediately, before Plaintiff has an opportunity to be heard, at which point no court order would be able to stop dissemination of the images throughout the world.
>      Additionally, if notice is given to Defendants, they can (1) remove or hide infringing copies and/or their means of manufacture; or (2) destroy, remove, hide, or otherwise dispose of the records of the manufacture, sale, broadcast, and distribution of copies of the Videotape.

(Plaintiff's Ex Parte Application for TRO, p. 5, lines 3-10.)  Also, Plaintiff has submitted declarations that repeat these arguments.  However, Plaintiff's delay in bringing this lawsuit belies Plaintiff's claim that he will suffer an immediate and irreparable injury without a TRO.  Plaintiff knew that the Video might have been disseminated by Shrider or her agents at least by June 30, 2008, the date a declaration from Shrider was filed in the earlier lawsuit.  In that declaration, Shrider stated that she believed that she was the owner of the Video, and thus Plaintiff knew that Shrider might assert her claimed right to dispose of the Video as she saw fit.  Despite Plaintiff's alleged fear of reputational damage due to the sale and distribution of the Video, Plaintiff waited until July 31, 2008 to file this current lawsuit, and then Plaintiff further delayed the filing of this ex parte application for a TRO until August 7, 2008.  Furthermore, Plaintiff acknowledges in his papers that the existence of the Video has already been widely reported by the tabloid media, and portions of the Video have already been publicly displayed.  Thus, reputational damage, if any, likely has already been inflicted.  These facts prevent Plaintiff from clearly establishing that he will suffer immediate and irreparable injury without a TRO.  Plaintiff's failure to satisfy the requirements of FRCP 65 requires this Court to DENY Plaintiff's ex parte application for a TRO.

However, the Court grants Plaintiff's request to schedule a hearing for a preliminary

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5042 PSG (JWJx) | Date | Aug. 12, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, et al. | | |

injunction on the matter. The Court sets a hearing date for a preliminary injunction on Sept. 15, 2008. The Court will treat Plaintiff's ex parte application for a TRO as Plaintiff's moving papers for a preliminary injunction. Also, the Court orders Plaintiff to serve the ex parte application and all supporting papers on Defendants by August 22, 2008. Defendants may file an opposition brief to Plaintiff's preliminary injunction motion by September 2, 2008. Plaintiff may file a reply brief by September 8, 2008.

**IT IS SO ORDERED.**