O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's Motion for Preliminary Injunction

Before this Court is Plaintiff's motion for a preliminary injunction. On September 15, 2008, the Court heard argument on the motion. After considering the parties' arguments and papers, the Court hereby DENIES Plaintiff's motion for a preliminary injunction.

I.   BACKGROUND

Verne Troyer ("Plaintiff") brought this lawsuit against Defendants Ranae Shrider ("Shrider"), Holly Bannon ("Bannon"), Okorie Okorocha ("Okorocha"), and Twin Palms alleging that Defendants misappropriated a videotape ("Video") of Plaintiff and Shrider engaged in private sexual activity. Plaintiff previously filed another lawsuit (CV 08-4233 PSG (JWJx), filed on June 26, 2008) against different defendants for misappropriation of the same Video. Okorocha, an attorney, was not a party to the previous action.

On July 11, 2008, Okorocha, who had been retained by a client who claimed to have rights to the Video, contacted Plaintiff's counsel in an attempt to negotiate an agreement over the disputed claims to the Video. (Okorocha Decl. ¶¶ 3-4.) Plaintiff's counsel indicated that Plaintiff was not willing to negotiate an agreement. (*Id.* ¶ 4.) Later that day, Plaintiff served Okorocha with a subpoena to appear for deposition and produce documents that Okorocha argues were protected by attorney-client privilege (*Id.* ¶ 5; Ex. 3.) According to Okorocha, Plaintiff was attempting to compel Okorocha to reveal the identity of his client. (*Id.* ¶ 5.) Okorocha filed a motion to quash the subpoena based on attorney-client privilege and the work

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

product doctrine. (*Id.* ¶ 6; Ex. 4.) The Court never ruled on that motion because after negotiations, Plaintiff stipulated to a dismissal of the lawsuit, which was approved by the Court on July 18, 2008. (*Id.* ¶ 8; *See also* Order issued July 18, 2008 in CV 08-4233 PSG (JWJx).)

In the present lawsuit, on August 7, 2008, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") against Defendants preventing them from, among other things, selling, distributing, exhibiting, or displaying the Video (*See* Plaintiff's Ex Parte Application for TRO.) Plaintiff did not provide Defendants with notice of his ex parte application. On August 12, 2008, the Court denied Plaintiff's ex parte application, ruling that Plaintiff had failed to show he would suffer immediate and irreparable injury absent the TRO.

In the same Order, issued August 12, 2008, the Court set a hearing date of September 15, 2008, for the present motion for a preliminary injunction. The Court indicated that it would treat Plaintiff's ex parte application for a TRO as his moving papers for a preliminary injunction. (Accordingly, those papers are hereinafter referred to as "Plaintiff's motion" or "Motion.") The Court further ordered Plaintiff to serve the ex parte application and supporting papers on Defendants by August 22, 2008. Plaintiff has failed to comply with the Court's Order and has not served any of the Defendants. (*See* Docket.) However, Okorocha somehow obtained notice of Plaintiff's motion for a preliminary injunction and filed an opposition on August 29, 2008.

II. LEGAL STANDARD

A preliminary injunction may not be issued without notice to the adverse party. Fed. R. Civ. P. 65(a)(1); *Inland Empire Enters., Inc. v. Morton*, 365 F. Supp. 1014, 1018 (C.D. Cal. 1973) (declining to reach merits of plaintiff's application for preliminary injunction where plaintiff failed to give notice to defendants). The purpose of the notice requirement is to give the defendant a fair opportunity prepare an opposition to the application. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 433 n.7, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

In order to secure a preliminary injunction, the moving party must clearly demonstrate either: (1) a combination of probable success on the merits and a significant threat of irreparable harm, or (2) that serious questions are raised as to the merits and that the balance of hardships tips in its favor. *Dept. Of Parks & Rec. For State of Cal. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* If the party seeking injunctive relief shows no chance of success on the merits, the Court will

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

not issue an injunction. *Id.* at 1124.

III.   DISCUSSION

    *1.   Notice Requirement*

Because Plaintiff failed to comply with the Court's Order of August 12, 2008 and Fed. R. Civ. P. 65(a)(1) by serving Defendants with notice of the motion for a preliminary injunction, Plaintiff's motion is DENIED as to Shrider, Bannon, and Twin Palms. Because Okorocha appears to have had actual notice of the motion and filed an opposition, the Court will reach the merits of Plaintiff's motion as to Okorocha only. *See Gen. Motors Corp. v. Let's Make a Deal*, 223 F. Supp. 2d 1183, 1190 (D. Nev. 2002) (notice was adequate where parties disputed whether defendant was properly served, but defendant had actual notice and filed opposition to motion for preliminary injunction).

    *2.   Likelihood of Success on the Merits*

Plaintiff's Complaint asserts six causes of action against Okorocha: (1) copyright infringement, (2) violation of the Lanham Act, 15 U.S.C. § 1125(a), (3) invasion of privacy, (4) violation of common law right of publicity, (5) misappropriation of name, voice, and likeness in violation of Cal. Civ. Code § 3344, and (6) unfair competition.[1] However, Plaintiff addressed the merits of only three of those claims in his application for injunctive relief. Therefore, in deciding whether to grant a preliminary injunction, the Court will consider only those three claims: (1) violation of the Lanham Act, (2) invasion of privacy, and (3) violation of common law right of publicity. *See S.E.C. v. Trabulse*, 526 F. Supp. 2d 1008, 1013 (N.D. Cal. 2007) (assuming that plaintiff sought no injunctive relief related to claim that was alleged in complaint but not addressed in plaintiff's moving papers).

Okorocha argues that Plaintiff cannot establish a likelihood of prevailing on the merits because Plaintiff's claims against him are barred by California's litigation privilege. The litigation privilege is set forth in Cal. Civ. Code § 47(b)(2), which provides in relevant part: "A privileged publication or broadcast is one made . . . in any judicial proceeding." The litigation privilege, which is absolute, immunizes litigants from all tort causes of action (except malicious prosecution) based on statements made during the course of judicial proceedings. *Silberg v.*

---

[1] The other causes of action alleged in the Complaint are brought solely against Shrider.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

*Anderson*, 50 Cal. 3d 205, 212, 26 Cal. Rptr. 638 (1990). Communications made in anticipation of litigation by a possible party to the litigation are also privileged. *See Rubin v. Green*, 4 Cal. 4th 1187, 1194-95, 17 Cal. Rptr. 2d 828 (1993). "Any doubt about whether the privilege applies is resolved in favor of applying it." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913, 120 Cal. Rptr. 2d 576 (2002). Before addressing Okorocha's argument, the Court must first determine whether the California litigation privilege is binding in this case.

        *a.*      *Choice of Law*

Under Federal R. Evid. 501, state privilege law must be applied by a federal court "with respect to an element of a claim or defense as to which State law supplies the rule of a decision." Because California law provides the rule of decision for Plaintiff's claims for (1) invasion of privacy and (2) violation of common law right of publicity, the litigation privilege applies to these claims. State law, however, does not supply the rule of decision with respect to Plaintiff's remaining cause of action for violation of the Lanham Act. Because federal law governs Plaintiff's Lanham Act claim, the court must apply federal privilege law as to that claim. *See Crowe v. County of San Diego*, 242 F. Supp. 2d 740, 746 (S.D. Cal. 2003). Moreover, under the Supremacy Clause, [a] state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 851 (9th Cir. 2004) (citing *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)). Plaintiff's claim under the Lanham Act, therefore, is not barred by the litigation privilege. *See Martinez v. California*, 444 U.S. 277, 284, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980) (holding that a 42 U.S.C. § 1983 claim preempts the state litigation privilege); *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1213 (E.D. Cal. 2008) (holding that federal claims under RICO and Fair Debt Collection Practices Act ("FDCPA") preempted state litigation privilege); *Oei v. N. Star Capital Acquisitions*, LLC, 486 F. Supp. 2d 1089 (C.D. Cal. 2006) (FDCPA claim not barred by state litigation privilege).

        *b.*      *Litigation Privilege Bars Plaintiff's State Law Claims*

Having determined that the litigation privilege must be applied with regard to Plaintiff's invasion of privacy and right of publicity claims, the Court must decide whether the privilege immunizes Okorocha from these two causes of action. Plaintiff's sole basis for each cause of action appears to be Okorocha's July 11, 2008 communication with Plaintiff's counsel. Okorocha's Declaration sets forth the contents of that phone call:

> On behalf of my client, I contacted attorney Tracy Rane, who was

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

> counsel for Mr. Troyer, by e-mail and telephone to determine whether an agreement concerning the dispute over the Videotape could be reached in order to protect my client from litigation over the matter. Without such an agreement, I anticipated my client would likely be included as a defendant in Mr. Troyer's lawsuit because my client claimed to have ownership and distribution rights to this Videotape.
>
> I spoke with Ms. Rane by telephone on July 11, 2008. I told Ms. Rane that my client wanted to negotiate an agreement concerning Mr. Troyer's claim for ownership and distribution rights over the Videotape. I also told Ms. Rane that I had been informed that Ms. Shrider intended to file a lawsuit against Mr. Troyer for personal injuries, and that my client was prepared to settle both matters together. Ms. Rane told me that her client would not agree to participate in negotiations over the parties' competing claims to the Videotape.

(Okorocha Decl. ¶¶ 3-4.)

Okorocha's affidavit establishes that he initiated this communication in an attempt to negotiate an agreement on behalf of his client, who claimed competing rights to the Video. Okorocha believed his client might be named by Plaintiff as a defendant in the previous lawsuit over the Video and sought to avoid litigation. Indeed, Plaintiff immediately subpoenaed Okorocha, apparently in an attempt to learn the identity of Okorocha's client in order to name him as a defendant. (*Id.* ¶ 5.) Although Plaintiff contends that Okorocha was working as a broker with his "client" to distribute the Video, Plaintiff has not provided any evidence that supports this assertion or that contradicts Okorocha's evidence.[2]

Based on the evidence before the Court, it appears that Plaintiff's counsel was made in reasonable anticipation of litigation and constituted an attempt by an attorney to settle a dispute on behalf of a client. Therefore, it is protected by the litigation privilege, and Okorocha is

---

[2] Rane testified in a declaration submitted along with Plaintiff's reply that Okorocha's "sole purpose for calling me was to see if Plaintiff would be amenable to having this company pay Ms. Shrider as consideration not to file a separate lawsuit against Plaintiff, so that the company could distribute the Video, apparently without any potential marketability issues." (Rane Decl. ¶ 2). Rane lacks personal knowledge to testify to the purpose of another person.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

immune from suit as to Plaintiff's invasion of privacy and violation of common law right of publicity claims. Because Plaintiff has established no other basis for those claims against Okorocha, he can show no likelihood of success on the merits.

    *c.    Plaintiff Has Shown No Likelihood of Success on the Merits on His Lanham Act Claim*

Because Plaintiff's Lanham Act claim is not barred by the California litigation privilege, the Court must evaluate whether Plaintiff has shown a likelihood prevailing on the merits on this cause of action. Plaintiff's Complaint alleges that Defendants, including Okorocha, violated the Lanham Act, 15 U.S.C. § 1125(a)(1). (Compl. ¶ 32.) A celebrity may sue for "false endorsement" under the Lanham Act based on the unauthorized use of his persona in commercial advertising. *Butler v. Target Corp.*, 323 F. Supp. 2d 1052, 1058 (C.D. Cal. 2004). In order to establish a false endorsement claim, the plaintiff must show that the defendant used the plaintiff's persona without authorization in a way "likely to confuse consumers as to the plaintiff's sponsorship or approval of [defendant's] product." *Cairns v. Franklin Mint. Co.*, 107 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000).

Here, Plaintiff alleges that Defendants disseminated the Video and implied that they had rights to own, copy, disseminate, and distribute the Video, which constituted a

> willful and deliberate false designation of origin and a false representation . . . likely to cause confusion, mistake, or deception by inducing the impression among purchasers, potential purchasers, and the public in general that the dissemination was and is in some manner approved, licensed, or sponsored by Plaintiff.

(Compl. ¶ 31.)

Plaintiff alleges that Okorocha "acted as a broker purportedly on behalf of an 'offshore' company that Plaintiff believes is Defendant Twin Palms . . . which has purchased, or has attempted to purchase, the Videotape for distribution or broadcast." (Motion 4:7-11.) As discussed above, the sole basis for Plaintiff's claims against Okorocha is a telephone call between Okorocha and Plaintiff's counsel during which Okorocha attempted to negotiate an agreement on behalf of his client to resolve competing claims to the Videotape in order to avoid possible litigation. Okorocha has never had possession, custody, or control of the Video, nor has he ever made copies of the Video or shown it to anyone. (*Id.* ¶ 9.) His only connection to the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

Video is his representation of a client in his capacity as an attorney. (*Id.*) Plaintiff insists at least three times in his reply papers that "it is clear" that Okorocha is a "broker" who was working in concert with an offshore company to distribute the Video. However, Plaintiff relies on this bald assertion rather than concrete facts.[3]

Accordingly, Plaintiff has not established a likelihood of succeeding on the merits of his Lanham Act claim because he has failed to show that Okorocha "used" Plaintiff's persona in any commercial way, including dissemination or sale of the Video. *See Kournikova v. Gen. Media Commc'ns, Inc.*, 278 F. Supp. 2d 1111, 1120 (C.D. Cal. 2003) (Consumer confusion actionable under the Lanham Act exists when: (1) the defendant used the plaintiff's identity; and (2) the use suggests that plaintiff sponsored or approved the defendant's product); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1110-11 (9th Cir. 1992) (a false endorsement claim is based on the unauthorized use of celebrity's identity which is likely to confuse consumers as to the plaintiff's endorsement of defendant's product).

Finally, because Plaintiff has not shown a likelihood of success on the merits of any of his claims against Okorocha, the Court need not reach the issue of whether Plaintiff will suffer irreparable harm in the absence of a preliminary injunction. *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1385 (9th Cir. 1987).[4]

---

[3] Plaintiff argues that "the record is devoid of any *evidence* showing that Okorocha and this off-shore company . . . had an attorney-client relationship, or that Okorocha acted in the capacity of an attorney." (Reply 3:27-4:3.) Plaintiff has apparently overlooked Okorocha's sworn declaration that he was "retained to represent a client" and contacted Plaintiff's counsel on behalf of that client. (Okorocha Decl. ¶¶ 2-3.) Okorocha is a member of the State Bar of California. (Okorocha Decl. ¶ 1.) Furthermore, Okorocha's sworn testimony is that the documents Plaintiff sought him to produce were, in his belief, protected by attorney-client privilege. (Okorocha Decl. ¶ 5.) The parties vehemently dispute the capacity in which Okorocha contacted Plaintiff's counsel, but only Okorocha has submitted admissible evidence to support his version of the story.

[4] In any event, Plaintiff has not shown a threat of irreparable injury. The Court's analysis in its Order of August 12, 2008, which denied Plaintiff's application for a TRO, is similarly applicable here. Plaintiff's delay in bringing this lawsuit and the Court's finding that reputational damage, if any, resulting from the "leak" of the Video has already occurred, belies Plaintiff's claim that he will suffer immediate and irreparable harm if the injunction is denied.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5042 PSG (JWJx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. Ranae Shrider, *et al.* | | |

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

                                                                                     _____ : _____

                                                             Initials of Deputy Clerk

cc: